Lumen View Technology v. Findthebest.com, 15-1275 We'll hear from Mr. Wasserbaum That's correct, Your Honor Good morning Damien Wasserbaum on behalf of Lumen View Technology, the attorney, please report In this case, the district court made a factual finding reserved for the jury Which is the linchpin of the underlying Mr. Wasserbaum, at several points in your opening brief and then again in your reply You accused the district court of harboring a personal bias against your client That's a very serious allegation Where does the record contain any evidence supporting your allegation? And if you harbored a legitimate concern about the district court Why didn't you move under 28 U.S.C. 455 v. 1? I think that if that's the characterization or conclusion you come to I personally Say that again, if it's the conclusion I come to Do you want me to quote the pages where you say this? No, Your Honor, that's not necessary In the first pre-trial conference, the court, certainly after inducing myself Called me the T-word And then after that, I represented, I'm a licensing I don't know what the T-word is And where in the record is that, please? Those that are certainly not in the record Well, my question to you again was Where in, I'm quoting, where in the record? The record, Your Honor I would be more correct to say that this is approaching a bias on the court's stance Okay You also make a direct attack in your reclibery At page 23 against opposing counsel You say that FTB is making a Patently false statement That is unconscionable and unprofessional Did you file a 60A complaint I'm sorry, a bar complaint Or seek sanctions under Rule 11 against opposing counsel If you say they're engaged in unethical conduct I have not, Your Honor Isn't that your obligation as a member of the bar if you believe that? It will be And, Your Honor, I think that resolution of the factual issues in this case Would be supportive of those types of moving motions But you've made the accusation now Well, I can show in the record that the statements of counsel are patently false And certainly misleading to the court The buzzwords that they use on For example, if we enter under Local Rule 6 From re-imprisonment conventions And by law make our product and element-by-element analysis Available to find the best So they know what the infringement claims are against them Continue on for a year, more than a year To say that our claims are baseless, fruitless And the court has basically said that By sustaining our picks and saying they're sufficient That now we have merit to proceed That's 45 days after initial pre-trial conference That, and they move, certainly With an affidavit from Kevin O'Connor It says, I contacted the defendant I made contact with one of the inventors But he leaves out all the contact that he did So on September 9th, Mr. Kevin O'Connor Sent a letter to the Catholic Foundation here of schools Accusing or coloring a board member Eileen and the inventor as a troll And calling her morality into question That is outside of litigation That was not included in the conduct of the affidavit And so they're approaching the court with unclean hands They knew about that There was a RICO case where that was discussed It was brought to the attention of the judge They knew of that, certainly Various statements that they made about My not providing them information About the pre-trial investigation that I performed For example Counsel, let me focus on the legal issue here Is it your view, and why do you state that That Section 285 does not provide for enhancement Of attorney fees Oh, that's easy The Section 285 right now basically Under Octane will say Look at this case and see if it stands out from one or the other By the substantive strength of the claim Or was it litigated in an unreasonable manner All the cases in the district courts that I've pulled since Octane Do not have any of the facts But the district judge was pretty calm in her view That it was an unreasonable accusation And your purpose was Not to exercise legitimate rights But almost harassment And so why shouldn't we accept that You should accept that because there's no record of any finding of fact It's just buzzwords and allegations that were put forth by the client If she made a presuming infringement convention to sustain those Then that should support at least going forward on my claims As far as their claims So if you take her opinion at 851 Our motivation was to basically As a patent holder, we have the right to vigorously Enforce and defend our lawsuit Our motivation was the license If you look at our complaint, it's consistent with that Our complaint puts our claim charge in paragraph 13 It invites a licensing opportunity We do not move Yes, but her problem was that you didn't Have any infringement case And despite being asked by her To articulate your basis for infringement in particular How the accused devices had a bilateral matchmaking process Which required multiple parties to input preference information She said that it is almost beyond dispute Because you put forth nothing to the contrary That FTBs assist me This is all about dating websites, I assume No, it's actually Your Honor, it's a decision-making website And it would be allowable under 101 To move your DDR decision even today Okay, well that's not before us The question before us is whether or not She was correct in not only awarding Attorneys fees against you But doubling them because she believed it was necessary To deter the lawsuits like this one Which she concluded was, quote, frivolous Objectively unreasonable and that no reasonable litigant Could reasonably expect success on the merits And she repeatedly says that you had multiple opportunities To proffer an infringement theory There is a claim element present in all the claims Which you never demonstrated was present in the accused device And which the record seems pretty clear Was not present in the accused device And so, I mean, I'm struggling with Why that isn't something I need to affirm All right, Your Honor We did demonstrate it many times I can count the number of times that I did it Before her actually taking the claim In the preliminary infringement contention hearing on the phone She said, walk me through each and every element And tell me, and we did that We spent an hour on the phone Is there a transcript somewhere? Well, after that she sustained our preliminary infringement contention She was convinced, largely forgot You're telling me I'm supposed to believe That you proved something from a phone conversation Is there a transcript of that phone conversation? Did you include it in the appendix? I ordered it, Your Honor And there is no transcript of that conversation Okay All right, and so So wait a minute So she says you didn't ever explain How the FTB product had this claim element, ever Except on reconsideration motion Which she said was too little, too late So you're claiming that Oh yes, you did explain it You did in a phone conversation Of which there's no transcript And I'm just supposed to believe you So this is a fact finding by her Whether or not you ever established this Correct, Your Honor So I Establishing those things We establish them at many points in the case Not only in the preliminary Let me ask you this But they are claims No, no, no You don't talk when the judge talks That's the way it works Okay So let me ask you this When the judge ruled And you say you knew that In fact, you had established all those points In the telephone conversation And you say you had ordered a transcript Where in the record did you say Well, wait a minute, Judge I'd like you to reconsider In light of this prior conversation Which you seem to have forgotten Your Honor We actually sent letters to the court We asked them We said that there's no record of your finding Prior to and after those decisions When she invited us We reminded her again That she had not made an infringement finding She reluctantly said I don't think you're answering my question Yes, Your Honor We raised it in letters to the court Where in the record is that raised? That Judge, you seem to have forgotten Our telephone conversation We It's in the December letter December 22nd letter to the court And where would that be? I don't give you a site Thank you You might want to save that for your reply time I'm not going to eat you up here Doesn't Octane Fitness say The prongs to be considered In deciding exceptionality Include motivation, deterrence    In deciding exceptionality Includes motivation, deterrence A few other things Your motivation was to extract A nuisance value settlement from FTB And the theory that FTB would rather pay An unjustified license fee Than bear the cost of the threatened Expensive litigation She quotes from a variety of your Emails and discussions over settlement She quotes a bunch of them How can I unravel that fact finding In light of all her quotations The fact finding is that you were looking For a nuisance settlement We don't bring a nuisance settlement The way that the complaint is set up The letter that she's referring to Is our initial letter that accompanies the complaint It's an invitation That's tailored specifically To the particular defendant All those words are quoted from our standard letter We craft that letter for a particular This is not like we send out thousands of letters Which is the abuse of conduct That's complained of in the industry How many different lawsuits Have you filed on this patent? I know this answer because I've filed three On this case, or on this patent And in my knowledge They were all specifically crafted I thought it was 21 There are other cases that are included In their affidavit But there's no evidence On those being cases held All of them were settled, correct? I cannot And at what stage in the litigation Were they all settled? Because in this case you told them If you settle before you file an answer Then we'll give you $80,000 Am I I don't want to breach confidentiality Am I coming close to it or did I just do it? I don't know Under this course This definition of nuisance And then after They did file an answer anyway And you said, okay, okay, one day only Special offer, $55,000 And then you said If you don't settle I'm going to make you retain everything This is going to be expensive litigation Make sure everybody In your company knows This is going to be protracted discovery There will be full scale litigation If you don't settle for this amount And so the district court looked at that pattern Of conduct in this case And concluded that Especially since you At least according to her fact finding Had never proffered an infringement theory Were simply seeking a nuisance value Settlement And that's why she concluded the case was exceptional And warrants of attorneys The letter that is referenced Is our initial letter that gets delivered And served with a complaint It does have a retention policy Asking the person to preserve With discovery It does have a characteristic type of This is a licensing opportunity The whole opportunity For this person is basically Created as a Business decision We do not ask in our prayer for relief For injunctive relief We put only direct infringement cases All those cases are direct infringement We do our pre-trial investigation on these cases We target only The companies that Are in need of a license And then meet that criteria We do over and above What is required Your honor Your time has just about expired We'll give you two minutes back For rebuttal Ms. Juarez Ms. Juarez Does the record contain anything Indicating how the district court Selected the particular multiplier As the enhancement The district court selected I can't forget that The district court selected the two times Enhancement as a low star amount Based on two reasons First because the low star amount was extremely low The district court had adopted an expedited Schedule over looming subjections In order to resolve the validity dispute Early on in litigation The fact that she moved fast And therefore obviated the need For additional litigation expenses Doesn't suddenly Create litigation expenses I mean reasonable attorney's fees Are reasonable attorney's fees That it actually cost your client to defend So I actually don't agree with that I don't think under 285 reasonable attorney's fees Means actual attorney's fees I don't think there's a requirement in the statute That says reasonable attorney's fees Constitute only what is actually extended or less No, it's the low star calculation Which is the Very strong presumptive Appropriate calculation And the low star calculation in this case led to What number was it here? $143,000 Just under $149,000 Okay, so $149,000 So the low star is the presumptively Appropriate measure of reasonable attorney's fees Would you agree with that statement? I would agree with that statement, yes And so the Supreme Court in Purdue said That you exceptionally rarely deviate From the low star calculation So why don't you tell me Why this is one of those exceptionally rare Situations Where it was appropriate for the district court To deviate from low star and double damages I think that The district court not only Looked at the low low star amount But also looked at the pattern and practice Of Lumen in bringing Predatory litigation designed to extort Okay, is that your other reason? Well, I think the other reason is that Under Octane Section 285 has Two purposes. One is to Compensate a defendant. The other is to deter From a litigation I asked you how she selected Two as opposed to three 1.5 or anything else Where does she tell us that? She, at the end of the decision She says that she feels that Two times enhancement would be appropriate Yeah The evidence That we submitted Shows that under the AIPLA standards The cost through discovery would have been about 2.5. But you didn't go through discovery None of that happened Because she invalidated the patent Very quickly and early in the litigation So why is cost you would have Incurred had she not done her job Properly a subject for something You should get? I think that it shows a range I think it shows a range of what the court Considered to be reasonable in this case Had it been But it's not reasonable attorney's fees You might have encountered in an alternate universe It's the reasonable attorney's fees In this case So why are we looking at Portions of the case that you never Got to because she ruled in your favor And anticipating what you would have Charged your client had those Things come to pass Do you see why I think it's absurd? Maybe I haven't AIPLA standards shows the potential Range of actual Attorney's fees that could have been extended In this case, the low turnout was very low She looked at the totality of the circumstances In fact, the reasons that We just heard from Newman's counsel basically On why this case was exceptional And decided that that kind of conduct Needed to be deterred Where does she tell us 2 is better than 1.5? She doesn't hear on it And where is the authority To enhance Attorney's fees under 285? It certainly is under 284 Damages provision But isn't Unius exclusius Alterius, whatever If enhancement is in 284 but not in 285 How is Enhancement justified under 285? 285 provides for reasonable attorney's fees There is a line of cases That Judge Morgis referenced Purdue where there was not a ban on Enhancement of the low turnout There is no per se rule that says The low turnout cannot be enhanced When you're determining in the court's inherent authority Correct, but that was This Purdue case is quite specific I'll read it from it Finally, a fee applicant seeking an enhancement Must produce specific evidence that supports the award Enhancement must be based On evidence that enhancement Was necessary to provide Fair and reasonable compensation Not deterrence, compensation This requirement is essential If Lodestar method Is to realize one of its Cheap virtues, providing a calculation That is objective and capable of being reviewed On appeal. The Supreme Court Has carved out a very, very Narrow universe when you can Deviate from Lodestar to come up With a reasonable attorney fee award That is something different from Lodestar And based on the Purdue case I don't see how this case Falls within that rubric at all Because her virtues were Deterrence and they're noble virtues And I don't have a problem with it It's just that the Supreme Court explains Why it's so important to have Lodestar Because Lodestar is objective And it is reviewable And why you can't just make these Sort of, you know, shoot from the hip Determinations, which is kind of I think we got a sense from Judge Wallach's questions We're a little concerned about in this case That she just felt like double sounded good To her. How do I review that? How can I Under Purdue Decide whether or not That was the right amount? Well I think under Octane The joint purposes of 285 being compensation and deterrence And then I think also But all of that in Octane you'll agree goes to Whether or not a case is deemed exceptional I don't see anything in Octane that suggests That those are in fact the factors to Then assess when determining The amount of reasonable attorney's fees Do you? I mean do you think In Octane I should interpret The Supreme Court's determination of an amount Of reasonable attorney's fees as to basically Overrule Purdue and adopt a much Broader theoretical You know, let me Consider all these mushy factors to come up with an amount You think they were saying Lodestar is no longer The way to go? No, I don't think that's What they're saying and I don't think that you're That I'm asking you to overrule Purdue By affirming the lower court's decision I think that the district court has the inherent authority To assess the amount of Reasonable fees that it thinks is appropriate They have the inherent authority under 1927, right? To do more, to do something different Than what they did here and maybe that's what you'll Ask her to do if we don't Find in your favor is maybe Go Rule 11, go 1927 If we don't agree With you that the statute allows for Enhancement, don't you have other avenues Where you can attempt to seek the same And given the way she wrote the opinion, it seems She felt pretty strongly that this was A baseless litigation. I think that we could Seek the relief under other avenues But I also think that this court's existing Jurisprudence supports an enhancement I think that even under electromechanical Which is one of your opinions You left room and contemplated that perhaps 285 would allow for enhancement I believe That it could be part of a Reasonable fee award, but Just in that case, there was no evidence To justify an award in excess Of actual fees, but this court has Contemplated in the past. In Mathis The court contemplated that 285 Is not limited to reimbursement of amounts Paid only for legal fees In Junker, the court said that Actual fees are not a ceiling Under 285 Ms. Morris, I want to give you a Chance to discuss your Supposed fraud I have to tell you If I was you I would have gone to the bar And said I have this accusation against me I want it resolved And if you resolve it in my favor, then here's My complaint against opposing counsel I always took that kind of language Extremely seriously Tell me about it Would you like to hear About why the representations were That counsel made were false Would you like to hear what I Planned to do about it? No, you tell me why they were false So there were a number of statements that Counsel made With respect to the arguments That we pointed out Were raised newly on appeal The Counsel pointed to Preliminary infringement contentions To a phone conversation with the court And to a letter that was submitted to the court So throughout the case In the infringement contentions In claims construction briefing In the Interrogatory responses and the briefing on the motion For exceptional case The same position was held with respect to infringement Which is that the First preference data was submitted by A user of the website So a user would go to the website and say For instance that they wanted to find out information On what dog breed best suited them So they would put in information about the size Of dog they wanted Definitely not a dating website Laughter Laughter First preference data And second preference data you think is matchmaking Definitely So find the best website Because it compiles information And it allows users to go in and query For instance if you're torn between an Apple And Samsung phone you can go And put in your screen size battery life requirements And it will return something that's recommended For you So throughout the litigation Blumen said that that constitutes Entry of first preference data The second preference data Blumen contended Was entered by companies who wanted to Edit their listings or input new listings Then in the motion for reconsideration Blumen suddenly decided That The There's another set of preference data That arose from find the best Going out and gathering information perhaps filling in gaps Where it didn't have information For instance for screen size Or something like that The courts decided that those arguments were untimely And that they were new arguments that were not Considered through the course of the Exceptional case briefing And had not been raised before And then Blumen repeated Those arguments to this court So those were new They were newly raised in the motion for reconsideration And raised again on appeal Not that there was a misrepresentation That they were new So With respect to the telephone conversation That opposing counsel Referred to, that was actually A conference with The court on the sufficiency of its Infringement contentions There's a local role in the Southern District of New York Regarding the substance of infringement Contentions. We believe that the Infringement contentions that were submitted did not Meet the procedural requirements We talked to the court, the court said These actually do meet the procedural requirements But did not rule on the sufficiency Or the substance Of the infringement arguments in those contentions And then Was there a transcript made of that thing? You know, I don't know I assume there was, and counsel said that He ordered it, but I have not seen it No And then thirdly, counsel pointed to A letter that was included That was sent to the court I believe he said I can't remember actually What he said the letter was for But it's A694 And it was basically just to add some information About the infringement contentions Dispute on the record It was not a letter in which The infringement contentions or infringement Theories were explained to the court So you found his site for him? Well, I assume this is The letter that he was referring to Was the letter that was sent to the court And it was merely procedurally to correct And make sure, there were some overlapping cases And some documents that Entered in one case but not the other So, I just want to Return to The court's Underlying basis for the 285 Decision that it was a prototypical  Summed up Very well the court's reasons For determining if this was an exceptional case And I do not believe it's an abuse of discretion When it comes to the Enhancement of the lodestar factor All aspects of the 285 decision Are reviewed for abuse of discretion And I do believe that in the court's Inherent authority How do we review it if she doesn't tell us? Doesn't tell you what? How she did it This goes back to the one and a half times Yes it does indeed I think that The justification looking at The dollar amount of the lodestar amount Which was under $150,000 And knowing That the court did That there were 20 other litigations that were settled Presumably for a similar amount That was demanded from Find the Best Justified Did she tell us that? Did she tell us that somewhere in the record? No your honor Is there any case You can point me to Where an enhancement To attorney's fees Was based on Deterrence principles I am not aware of one I don't believe the court was aware of anything under 285 I'm not saying under 285 I mean at all Purdue has nothing to do with 285 And Purdue is The leading case in your favor On the notion that reasonable Attorney's fees can include an enhanced Amount in certain limited circumstances Can go beyond lodestar Is there any other case Following Purdue that you're aware of from the regional circuit That you think would be helpful to you Because I think that Purdue lays out A very narrow set of circumstances In which enhancement can occur And This case doesn't fall within those circumstances Well I would argue that There are cases that allow For awards other than Attorney's fees for instance And I believe that that would be considered A deterrent So if you see somebody go up They go into litigation And then they lose And the other side of the award Is not only attorney's fees But hundreds of thousands of dollars in expert fees For instance That could be considered a deterrent award And the court has said that in certain cases In rare cases Awards of expert fees are also justified under 285 But this isn't an award of expert fees either Is it No but it's an award of a multiplier To deter future cases Well the court also has powers Inherent powers to For instance issue an order to show cause And If it Finds cause it can Fine a party Or counsel and that's a deterrent And that's directly a deterrent Correct I have nothing further Thank you Mr. Mezwarez Mr. Wasserbauer has two minutes For rebuttal if he needs it Thank you your honor Your cite is actually two letters One is 1363-64 And 1390-91 The court did not I'm thinking about this The court really didn't give us a chance To bring and set forth The What she would say To prove our case On an infringement site There was no hearing And we weren't given that opportunity There was no finding She could have had a hearing if she wanted to But we didn't We went through the discovery schedule We put forth our claim constructions And we matched up line by line Told them about Hartman Told them about what she should be doing How this claim matches up In discovery We basically showed that Kevin O'Connor In a Wall Street Journal article Told us that he is doing A counterparty Which is what all along The judge is saying There's no counterparty There's no third party counterparty That's Kevin O'Connor Saying in Wall Street Journal That's what I reviewed pre-investigation Saying we do bilateral We do it and we do it in this way We also Found And they submitted In their brief 1351-58 Actual questionnaires That the experts fill out How is that newspaper reference Admissible in the record Where is it in the record and how was it made admissible Okay I did that pre-filing investigation when they asked me In Article 415 what I did I said I did all these things Normal patent attorney would do and then some Plus here is An additional piece of evidence that I reviewed And I gave that to them We transcribed, that's been there since October 3rd Before Any of the rulings of this court And they have ignored it The court has ignored it I bring it up I try to, I've done my best As far as The lodestar This case has defined A nuisance value as 10% SPK case As 10% of the Presumed what you could get damages The awarded damages Minus 85 your honor Would amount to about 50% So if this is not 10% It can't be a nuisance Thank you Mr. Wasbauer As you see your time is up We will take the case under advisement